[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
The Defendants in the captioned matter have moved in limine to prohibit the State (Plaintiff herein), its counsel, and its witnesses from making any reference, whether in testimony, questioning or argument, to the alleged "harms" stemming from the "additional financial and physical burdens" to owners of pre-1978 housing resulting from legislative or regulatory mandates. Defendants assert that their motion is predicated on the provisions of R.I.R. Evid. Rules 401-403 and further is brought on the grounds that such evidence (1) is irrelevant to the State's claims and (2) would be unfairly prejudicial.
Basically, defendants urge this Court to preclude any evidence that suggests that compliance with laws or regulations, either of the Federal or State government — such as (but not limited to) the 1991 Lead Poisoning Prevention Act (R.I.G.L. § 23-24.6-1 et seq.), the 2002 Lead Hazard Mitigation Act (R.I.G.L. § 42-128.1-2 et seq.), the Rhode Island Housing Occupancy and Maintenance Code (R.I.G.L. § 45-24.3-10 et seq.) and Federal and State Disclosure Laws can constitute a harm — on among other grounds that such "harm" to Rhode Island citizens reasonably was authorized by legislation (federal and/or state) and therefore cannot be a public nuisance.
Further, Defendants assert that if a "harm" exists it is an individual harm to selected property owners and does not constitute an unreasonable interference with the health, safety, peace, comfort or convenience of the general community and thus is too remote and too derivative from the "presence" of lead pigment in paints to serve as the basis for Plaintiff's claim.
The primary thrust of Defendants' Motion in Limine seems to this Court to be capsulized in the statement found in their first memorandum in support of their motion:
 "The Attorney General finally, cannot override the Legislature's decisions by recasting compliance with the law as a public nuisance claim. To hold otherwise would give the State the unbridled authority to retroactively and indiscriminately generate a public nuisance today simply by passing new legislation."
Defendants continue by stating:
 "Such a decision would not only violate public nuisance law and impinge on separation of powers and due process principles, but would also create great potential for abuse of the State's police power."
Plaintiff argues to the Court that defendants essentially miss the mark in that they misconstrue Plaintiff's position. Plaintiff does not (as it cannot) claim that compliance by the public with statutes and regulations is the harm to the public which implicates the State's public nuisance claim. Rather Plaintiff claims that compliance with the statute and regulations and the costs incident thereto is evidence of the existence of the harms flowing from the presence of lead pigment in a substantial portion of Rhode Island's housing stock.
The Attorney General argues his position that the legislative action and the regulations incident thereto clearly is reasonable as a legislative response to the unreasonable harm to which the citizenry has been exposed resulting from the presence of lead pigment allegedly manufactured by the defendants or their predecessors in interest.
The Attorney General seeks to put before the trier of fact, evidence of what he claims are the substantial burdens which all Rhode Island owners of property pre-dating 1978 must bear. He does not agree with a central theme of the Defendants which would hold that once the legislature mandated certain actions that such legislation sanitized the alleged harm so as to make it a legislative fiat that the public ought to have to bear the burden of compliance with that legislation. The Attorney General draws a distinction between a reasonable act of the legislature for the purposes of passing constitutional muster on the one hand, and on the other, the propriety of the Attorney General's action in offering evidence of necessary actions and the costs thereof which he suggests are burdens which the public ought not have to bear to ameliorate conditions which will be examined in this trial to determine whether there exists a public nuisance.
This court previously has had occasion to note that the legislative scheme adopted in Rhode Island essentially does not address responsibility of anyone other than property owners. Further the Court has noted that the statutory provisions here involved by their terms do not exclude other remedies against other parties — that is to say the remedies within the statutes by their terms are not all inclusive. (seefor example G.L. 1956 § 23-24.6-25.)
The legislature has reacted to the situation described by it in certain legislative findings set forth in G.L. 1956 § 23-24.6-2. See also §42-128.1-2 and in that context has set forth certain required actions to be undertaken with respect to a substantial percentage of Rhode Island's housing stock. Clearly, in the sense used by our Court in Wilkinson v.Harrington, 243 A.2d 745 (R.I. 1968) a case cited by both sides herein ". . . the legislature could never be presumed to have intended to enact laws which are absurd, unjust or unreasonable." Id. At 753.
There can be little question but that the existing statutory scheme as an exercise of the police power is not absurd, unjust or unreasonable. Certainly, there is no question but that the public is bound to comply with such statutes. That being so, however, does not in this Court's view, translate to a legislative determination that the burdens, (financial and/or physical) of statutory compliance as between the public and the part(ies) that it is claimed caused the condition, reasonably in the final analysis should be on the homeowning public. Those burdens may well constitute harms which the public ought not have to bear. That determination should be for the trier of fact and this Court concludes that the evidence which would be excluded if defendants' motion in limine were granted would be relevant and meets general criteria for admissibility, including not being unfairly prejudicial, subject of course to such objection, if any, as might be made during the course of trial pursuant to our rules of evidence.
Counsel for the plaintiff shall prepare an order consistent herewith which will be settled upon notice and an opportunity for hearing.